*221 the Merits.
[5] Plaintiff’s injuries consisted of the loss of the first joint of the second finger, and the laceration and splitting to the bone of the flesh on the third, which left the latter stiff, and the clipping off of the tip of the little finger.
Subdivision (d) of section 8 of Act No. 20 of 1914, as amended by Act No. 247 of 1920, prescribes a basis of compensation as follows:
For the loss of any finger, other than the index finger, 60 per centum of the weekly compensation for 20 weeks; for the loss of two phalanges of any finger (other than the thumb) one-half of the amount allowed for the whole finger; and the loss of more than two phalanges is considered as the loss of the whole. No specific amount is fixed for the loss of one phalanx or less.
However, subsection (e) provides:
“In cases not falling within any of the provisions already made, where the employé is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired,, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in the cases of specific disability above named, not to exceed sixty per centum of wages during one hundred weeks.”
A part of the injuries in this case, not being specifically provided for, falls under the provision last quoted, and the matter is left to the discretion of the court, except that the compensation which can be allowed must not be out of proportion to that allowed for specific injuries. There is nothing in the record to inform us how the lower judge determined that the plaintiff should recover exactly $189.75, except that defendant’s brief says it was on the basis of the loss of two half fingers, or $360, less the $116.25 shown to have already been paid by defendant. Considering that three fingers were injured, the first joint of one being entirely lost, the badly having had the end clipped off, we are to say that his judgment was wrong, it is affirmed at the cost of the appellee.
liehearing refused by the WHOLE COURT.